# United States District Court
## For the Western District of Virginia
## Harrisonburg Division

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) ) ) ) ) ) ) ) ) ) | Criminal No: 5:15cr00008 Criminal No: 5:02cr30031 |
| v. |  | **REPORT AND RECOMMENDATION** |
| **MARK ANTHONY ROME ELLIOTT,** *Defendant* |  | By: James G. Welsh U. S. Magistrate Judge |

On August 27, 2015 came the United States, by counsel, and came also the defendant, in person and by counsel. At which time counsel for the parties jointly represented that the parties had entered into a **written plea agreement pursuant to Rule 11(c)(1)(C)** of the Federal Rules of Criminal Procedure. In accordance with Title 28 United States Code § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea [Docket #78]. The proceedings were recorded by a court reporter. *See* Rule 11(g). The United States was represented by Grayson A. Hoffman, Assistant United States Attorney. The defendant was at all times present both in person and with his counsel, Louis K. Nagy. Inquiry was made to the defendant pursuant to Rules 11(b) and (c), and the government proffered a written statement of fact for the purpose of establishing an independent basis for the agreed plea. In accord with the express terms of the plea agreement the defendant entered a plea of guilty to the felony offense charged in Count One of the Indictment (case number 5:15cr00008). On the same factual basis he stipulated his Grade A violation of his

Supervised Release in case number 5:02cr30031 (*See* Docket #52, case no. 5:02cr30031), and pursuant to the terms and conditions of the plea agreement he agreed that a **total sentence of imprisonment of 168 months for both the conduct charged in 5:15cr00008 and the Supervised Release violation in 5:02cr30031 is a reasonable sentence.**

As set forth in more detail in a single-count Indictment (Docket #3), the Grand Jury charges in **Count One** that beginning at a date unknown, but not earlier than June 10, 2011, and continuing until on or about August 28, 2014, in the Western Judicial District of Virginia, the above-named defendant, and others known and unknown to the Grand jury, conspired to commit the following offenses against the United States: **(a)** to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c); and **(b)** as to this defendant one of the objects of the conspiracy was to distribute, and possess with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); all in violation of 21 U.S.C. § 846. In addition, the Indictment contains a **Notice of Forfeiture** apprising the above-named defendant that certain of his property is subject to forfeiture upon conviction of the offense alleged against him.

### DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

Upon questioning, the defendant again acknowledged his obligation to testify truthfully in all respects under penalty of perjury, and he stated he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A). The defendant then testified that his name is MARK ANTHONY ROME ELLIOTT; he is thirty-thirty-eight (38) years of age, and he has a high school education

and one additional year of college coursework. He represented that he can read, write and understand the English language without difficulty.

After representing that he had received a copy of the Indictment, the defendant stated he fully understood the nature of the charge against him in case number 5:15cr00008 and in the Supervised Release violation in case number 5:02cr30031. He stated that he had discussed both charges with his attorney; he said he had been given enough time to do so; he specifically understood the Indictment charged him with a felony offense, and he understood the factual basis for the alleged Grade A violation of his Supervised Release. *See* Rule 11(b)(1)(G). He testified that he had discussed with his attorney the offense elements which must be proven by the government beyond a reasonable doubt, as well as any possible defenses he might have. He stated that he had been given adequate time to prepare any defenses he might have. He stated that his decision to enter a plea of guilty pursuant to Rule 11(c)(1)(C) had been made after consulting with his attorney and that he was fully satisfied with the services of his attorney.

He next stated that he understood he was in court for the purpose of entering a plea of guilty to a felony offense and stipulating to a Group A supervised release violation pursuant to the express terms of the plea agreement. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter a plea of guilty to the felony offense and stipulate his Grade A violation in accordance with the express terms of the plea agreement.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

After counsel for both parties again informed the court that the defendant's proposed plea was being made pursuant to a **written plea agreement reached in accordance with Rule 11(c)(1)(C).** (S*ee* Rule 11(c)(2)). Counsel for the government then set forth the government's understanding of the plea agreement in some detail: including the agreement of the defendant to plead guilty to the offense alleged against him in Count One of the Indictment and his attendant Grade A violation [A.1.]; the defendant's express acknowledgment that the maximum statutory penalty for the offense charged against him in Count One is a fine of $10,000,000.00, imprisonment for a term of life, and a term of supervised release of at least five years [¶A.1.]; his express recognition that if he were convicted of the offense alleged in Count One, he would be subject to a mandatory minimum term of imprisonment for a term of ten years [¶A.1.]; his acknowledgment that he will be required to pay a special assessment of $100 per felony count of conviction and that he may be required to pay restitution and that his assets may be subject to forfeiture [¶¶ A.1. and B.4.a.]; his express admission of his factual guilt to the offense charged in Count One [¶A.1.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶A.2.]; the agreement's sentencing provision setting forth the parties' agreement that the 2014 edition of the Sentencing Guidelines applies to the defendant's offense conduct and that pursuant to guideline section 2D1.1(C)(4) a base offense level is 32 and a drug weight between 1.5 kilograms and 5 kilograms of methamphetamine are applicable in calculating the defendant's offense conduct [¶B.2]; the parties' agreement that the defendant **shall be sentenced to <u>a total sentence of incarceration of 168 months</u> for Count 1 (case number 5:15cr00008) and for the Grade A violation of his Supervised Release (case number 5:02cr30031)** [¶B.1]; the parties stipulation that in exchange for pleading guilty as agreed this sentence is "reasonable, appropriate and just" [¶B.1]; to the extent not inconsistent with the stipulations and terms of the plea agreement all other sentencing matters are left to the court's

4

discretion [¶B.2.]; **the express understanding that the plea agreement may be either accepted or rejected in its entirety pursuant to Rule 11(c)(1)(C), and the understanding that if rejected the defendant will be allowed to withdraw his plea of guilty** [B.1.]; the defendant's express acknowledgment that he would not be eligible for parole during any term of incarceration [¶B.1]; the agreement's acceptance of responsibility provision [¶B.2]; the agreement's substantial assistance provision [¶B3]; the defendant's monetary and related obligations, including the terms of his obligation to pay a mandatory assessment of $100.00 and to pay restitution of the entire scope of his criminal conduct [¶B.4.a and c]; the terms of the defendant's financial disclosure obligations [¶B.4.b]; the scope of the defendant's express waiver of his right of direct appeal [¶C.1.]; the scope of the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶C.2.]; the defendant's waiver without limitation of any right to access any records pertaining to the investigation or prosecution of this case [¶C.3.]; the defendant's abandonment of any seized property [¶C.5.]; the defendant's stipulation of the admissibility and waiver of any constitutional or other legal protections related to any statements previously made by him in any setting in the event he withdraws his plea of guilty [¶C.7.]; the defendant's various additional obligations [¶C.8.]; the remedies available to the government in the event of a breach of the agreement by the defendant [¶D.]; the defendant's stipulation and agreement that he had been effectively represented in this case [¶E.3.]; the parties express acknowledgment that the written plea agreement constituted the entire understanding between the parties and that it did not apply to any crimes or charges not addressed in the agreement [¶¶E.1 and 2]; the agreement's provision pertaining to the defendant's waiver of any misconduct claims [¶E.4.]; the defendant's stipulation that there is a sufficient factual basis to support the elements of the offense to which

he is pleading guilty [¶E.5.]; and the substance of the agreement's other terms and provisions. *See* Rules 11(b)(1)(B)-(N) and 11(c)(1)–(3).

After which, the defendant was asked whether his understanding of the terms of the agreement was different in any way from that outlined by the attorney for the government, and he testified that his understanding was the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same; he further represented that each of its terms had been reviewed with the defendant, and he stated that he was satisfied that the defendant understood all of its terms.

The defendant was then shown the Amended Plea Agreement (Docket #84), and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated he understood that the court will not be able to determine the recommended guideline sentence for his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and that he knew to the extent the

6

plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a mandatory period of supervised release, and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶C.1.], the defendant expressly acknowledged that he understood that he was giving-up all waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶C.2.], he expressly acknowledged that he understood he was giving-up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding.

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against his; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and his right to a unanimous jury verdict. *See* Rule 11(b)(1)(B)-(E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

7

In direct response to further questioning, the defendant also testified that he was pleading guilty to the aforesaid offense alleged in Count One of the Indictment and stipulating to the Grade A Supervised Release violation because he had in fact participated in the criminal activities outlined against him.

To permit the court to determine whether an independent basis in fact existed for the defendant's guilty plea, counsel for the government submitted for filing as part of the record a written Statement of Facts (Docket #86), which summarized the essential facts that the government was prepared to prove at trial to establish offence alleged in Count One and the attendant Grade A violation of his supervised release. The defendant and his counsel each represented that the defendant had reviewed it, was fully aware of its contents, had signed it, and did not contest any of the facts set forth therein. With the signature of the defendant and with the acknowledgment of the defendant and his attorney that it fairly summarized the government's case, it was received, filed and made a part of the record. *See* Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding, had no questions and did not need to consult further with his counsel, the defendant stated that he remained ready to enter a plea of consistent with the terms of the plea agreement. On inquiry, counsel for the defendant represented that based on his investigation of the facts of the case and his understanding of what took place in connection with the Indictment, it was his belief that his client's plea of guilty pursuant to the terms of the plea agreement was well-advised and consistent with those facts.

After the Indictment was read and upon then being then called-upon for his plea, the defendant entered a plea of GUILTY to the offense charged in Count One alleging him with violation of Title 21 United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846, The clerk

8

then read the written guilty plea form (Docket #85) to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty and after an independent basis for his plea was established, the defendant was again addressed personally. He formally reiterated his stipulation of a Grade A Supervised Release violation. He reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant reconfirmed his complete satisfaction with the services and assistance of his attorney and noted that "he did a good job."

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it.

The defendant was informed that sentencing in his case is set for December 16, 2015 at 11:00 a.m. He did not request release on conditions, and he was remanded to the custody of the United States Marshal pending preparation of the presentence report and acceptance of his plea.

## GOVERNMENT'S EVIDENCE

The written Amended Statement of Facts referenced above is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1.  The parties have entered in to a plea agreement pursuant to **Rule 11(c)(1)(C),** and it is recommended that this plea agreement be accepted in its entirety;

2.  The defendant is fully competent and capable of entering an informed plea to the offense of Count One of the Indictment;

3.  The defendant is fully competent and capable of admitting his Grade A violation of his Supervised Release;

4.  The defendant is fully aware of the nature of the offense of Count One, and he is also fully aware of the consequences of his guilty plea to said offense;

5.  The defendant is fully aware of the nature of the Grade A Supervised Release violation, and he is also fully aware of the consequences of his admitting to said violation;

6.  The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)-(N);

7.  The defendant's plea of guilty and admission to a Grade A Supervised Release violation were made pursuant to a fully voluntary written plea agreement, in which the parties mutually agree that **a sentence of imprisonment of 168 months** is a reasonable sentence for the defendant's conduct charged in Count One and in the Grade A violation and based on all of the facts and circumstances of this case;

8.  The defendant's entry into the plea agreement and his tender of a plea of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

9.  The defendant knowingly and voluntarily entered his said plea of guilty;

10. The defendant's plea of guilty and admission of a Grade A Supervised Release violation did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

11. The plea agreement complies with the requirements of Rule 11(c)(1);

12. The evidence presents an independent basis in fact containing each essential element of the felony offense to which the defendant has entered a plea of guilty; and

13. The period of time during which the plea agreement is under consideration by the court is excludable from speedy trial computation (*see* 18 U.S.C. § 3161(h)(1)(G)).

**RECOMMENDED DISPOSITION**

10

Based on the above findings of fact, the undersigned **RECOMMENDS** that the court **ACCEPT** the defendant's plea of guilty to the charge against him set forth in Count One of the Indictment (case number 5:15cr00008) and his attendant stipulated Grade A violation of his Supervised Release (case number 5:02cr30031); that he be **ADJUDGED GUILTY** of the felony offense alleged in 5:15cr500008, that he be **ADJUDGED GUILTY** of a Grade A violation of Supervised Release in 5:02cr30031, and that a sentencing hearing be held on December 16, 2015 beginning at 11:00 a.m. before the presiding district judge.

### NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 3rd day of September 2015.

*s/James G. Welsh*
United States Magistrate Judge

11
Case 5:02-cr-30031-MFU   Document 70   Filed 09/03/15   Page 11 of 11   Pageid#: 122