CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 16 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:02-CR-30031-1 |
| | ) | |
| v. | ) | |
| | ) | |
| MARK ANTHONY ELLIOTT, | ) | By: Hon. Michael F. Urbanski |
| Defendant | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Mark Anthony Elliott, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018 ("the Act"). ECF No. 80. In 2011 Elliott discharged his underlying sentence of 120 months and began serving a term of supervised release. He was arrested on additional charges and sentenced to a term of 135 months, which he currently is serving. He also must serve a consecutive 33-month term for violation of the conditions of supervised release on the instant case. Elliot seeks a reduction of his original 120-month sentence under the Act. The government asserts that Elliot is ineligible for consideration of a reduction in his sentence because he is not currently serving a term for a covered offense under the First Step Act and also asserts that granting him relief would serve no reasonable sentencing objective. For the reasons set forth below, the court **DENIES** Elliott's request for relief.

## BACKGROUND

On September 23, 2002, Elliott entered into a plea agreement where he pled guilty to possession with intent to distribute 5 grams or more of cocaine base, cocaine powder, methamphetamine, marijuana, MDMA, and amphetamines in violation of 21 U.S.C. § 841(a)(1) (Count 1) and one count of possession of a firearm in furtherance of a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 2). A third count was dismissed. ECF No. 81. Pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(B), Elliott faced a statutory minimum sentence of five years on each count, with the sentence on Count 2 to be imposed consecutively to Count 1. No. 81.

Under the sentencing guidelines, based on the amount of drugs found, Elliott had a base offense level of 26, decreased by 3 levels for acceptance of responsibility, for a total offense level of 23. ECF No. 81. Coupled with a criminal history category of II, his guideline range on Count 1 was 51 to 63 months. U.S.S.G. Ch. 5, Part A; ECF No. 81. On Count 2, the statutory minimum sentence was 60 months to run consecutively to the sentence imposed in Count 1. ECF No. 81. On December 20, 2002 Elliott was sentenced to 63 months on Count 1 and a consecutive 60-month sentence on Count 2, to be followed by a 4-year term of supervised release. ECF No. 15 and minutes from December 20, 2002. His term of imprisonment later was reduced to 120 months as a result of Amendment 706 to the federal Sentencing Guidelines. ECF No. 26.

On June 9, 2011, Elliott completed his federal sentence and was released to begin his 4-year term of supervised release. On November 7, 2011, a petition for warrant or summons was issued for Elliott, following his arrest by Virginia State Police for reckless driving by speeding, felony possession of a firearm by a convicted felon, and possession of a concealed weapon by a felon. ECF No. 33. On February 7, 2012, Elliot's term of supervised release was revoked and he was sentenced to a term of time served, home confinement for six months, and an additional term of supervised release. ECF No. 51. On July 18, 2014, an arrest warrant

was issued for Elliott for violation of the terms of supervised release after he was arrested by the RUSH task force for conspiring to distribute methamphetamine, possession with intent to distribute methamphetamine, and possession of marijuana. ECF No. 52.

On March 12, 2015 he was indicted on one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine in United States v. Elliot, No. 5:15-CR-08 (W.D. Va. 2016). He pled guilty and on February 25, 2016 he was sentenced to 135 months to run consecutively with the sentence imposed in the instant case, to be followed by a 5-year term of supervised release. ECF No. 133 in 5:15-CR-08. On the same day, he was sentenced to a term of 33 months on the revocation of supervised release in the instant case to be served consecutively to the sentenced imposed in 5:15-CR-08. ECF No. 78 in No. 5:02-CR-30031. He was to receive credit for time served beginning on July 17, 2014. ECF No. 133 in 5:15-CR-08 and ECF No. 78 in 5:02-CR-30031. No additional term of supervised release was imposed in the instant case. Elliot's current projected release date is November 2, 2026.

I.

At the time Elliott was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger

3

mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

It is undisputed that Elliott committed his offense before August 3, 2010, and his offense carries the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act. Elliott argues that had he been sentenced when the provisions of the Fair Sentencing Act were in effect, he would not have been subject to a mandatory minimum sentence and his drug weight of 362.98 kilograms of marijuana would have established a base offense level of 24, placing him in a guideline range of 41-51 months, given his three-level reduction for acceptance of responsibility and his criminal history level of II. Because he served 60 months on Count 1, they argue that he overserved his sentence by 9 months, and that the overserved time should be applied to the 33 months of his revocation sentence.

The government responds that because Elliott is serving a sentence related to violation of the terms of his supervised release rather than for his underlying drug conviction, he is not serving time for a covered offense under the First Step Act and this court lacks jurisdiction to consider his motion. The government further argues that no reasonable sentencing objective would be served by reducing his original sentence to allow him to receive credit against his current revocation sentence.

## II.

Under the First Step Act, a covered offense is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). The government argues that the Fair Sentencing Act applies only to violations of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B), and 844 and that it has no bearing on sentences imposed on supervised release revocations. Because Elliott is serving a sentence related to violation of the terms of his supervised release, pursuant to 18 U.S.C. § 3583, the government asserts that he is not serving a sentence for the underlying drug conviction and thus is not serving a sentence on a "covered offense."

However, the inclusion of a term of supervised release following a sentence is part of the sentence. See 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment

. . . .) In addition, the Supreme Court rejected the notion that revocation of supervised release is punishment for violations of the conditions of supervised release in Johnson v. United States, 529 U.S. 694 (2000) (Johnson I). Rather, postrevocation sanctions are part of the penalty for the initial offense. Id. at 700. To find that postrevocation sanctions are imposed for violations of the terms of supervised release would raise constitutional concerns.

> Although such violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt. See 18 U.S.C. § 3583(e)(3) (1988 ed. Supp. V). Where the acts of violation are criminal in their own right, they may be the basis for separate prosecution, which would raise an issue of double jeopardy if the revocation of supervised release were also punishment for the same offense. Treating postrevocation sanctions as part of the penalty for the initial offense, however (as most courts have done), avoids these difficulties.

Id. "We therefore attribute postrevocation penalties to the original conviction." Id. at 701. Accordingly, this court finds that Elliott is serving a sentence for a covered offense for purposes of the First Step Act.

### III.

The government next argues that no reasonable sentencing objective would be served by reducing Elliott's original sentence, citing in support United States v. Johnson, 529 U.S. 53, 54 (2000) (Johnson II). There, an offender had been serving time in federal prison on multiple felonies when two of his convictions were declared invalid. He asked that his excess prison time be credited to the supervised release term to reduce its length. Id. The Sixth Circuit Court of Appeals agreed, finding that his term of supervised release commenced not on the day he was released from prison, but on the day his lawful term of imprisonment expired. Id. at 55-

56. The Supreme Court reversed and remanded, finding that the Court of Appeals "erred in treating respondent's time in prison as interchangeable with his time of supervised release." Id. at 59-60.

The Court reasoned that "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct form those served by incarceration." Id. at 60. See also United States v. Sanchez, 891 F.3d 535, 541 (4th Cir. 2018) (declining to find that a term of supervised release was "unnecessary and unjustified" when defendant had already served an extra five years on an unconstitutional sentence and essentially was asking that excess prison time be credited to his revocation sentence).

Although Johnson II stands for the notion that a term of supervised release cannot be offset by an overserved prison term, Johnson I clarifies that once a sentence is revoked for violation of the terms of supervised release, the postrevocation penalties are part of the punishment for the underlying offense. Elliott was reincarcerated following revocation of the terms of supervised release and the court finds that reducing the term of his current incarceration would not violate Johnson II.

Nevertheless, although it appears that Elliott is eligible for consideration of a sentence modification, the circumstances of this case compel the court to exercise its discretion and deny a reduction in Elliott's sentence. See Sec. 404(c) of the First Step Act ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")

7

Elliott violated the conditions of supervised release when he possessed with intent to distribute more drugs after his initial conviction. If he were allowed to apply his overserved time to his current period of incarceration, it would undermine the purpose of supervised release, because it would greatly limit the court's ability to sanction him for violating the terms of release. In addition, allowing him credit toward his incarceration would undermine the mandate of 18 U.S.C. § 3583(g), which makes revocation mandatory for possession of a controlled substance in violation of the condition set forth in § 3583(d)).

Also, as a matter of policy, if prisoners entitled to First Step Act relief were allowed to "bank" time on overserved sentences to offset terms of incarceration following revocation of supervised release, it would provide a disincentive to obey the terms of supervised release. In essence, it would serve as a "get-out-of-jail-free" card and this court does not believe such a result is consistent with the federal sentencing scheme.

Accordingly, the court declines to reduce Elliott's sentence under the First Step Act. His motion for relief, ECF No. 80, is **DENIED**.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered: 10/16/19

Michael F. Urbanski
Chief United States District Judge